FILED
 2009 Mar-27  AM 10:25
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JULIA ATCHISON; JOHN WAYNE CLARK; THOMAS FRANZIS; JENNIFER GIBSON; MAREON J.E. GIBSON; EDDY D. JAMES; SAM RAHIM, on behalf of themselves and others that are similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>FRED'S STORES OF TENNESSEE, INC.; JOHN D. REIER, individually and in his official capacity as President; MICHAEL J. HAYES, individually and in his official capacity as CEO,<br><br>Defendants. | CASE NO. CV 07-B-1514-S |

### MEMORANDUM OPINION

This case is before the court on a Motion for Summary Judgment filed by defendant Fred's Stores of Tennessee, Inc. ("defendant"). (Doc. 20.)[1] Based on the submissions of the parties, and for the reasons below, the Motion is due to be granted.

### I.   SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In deciding a motion for summary judgment, the court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are left to the jury, and, therefore, evidence favoring the non-moving party is to be believed and all justifiable inferences are to be drawn in her favor. *See id.* at 255. Nevertheless, the non-moving party "need not be given the benefit of every inference but only of every reasonable inference." *Evans v. Stephens*, 407 F.3d 1272, 1284 (11th Cir. 2005)(Carnes, J., concurring specially)(quoting *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999)).

**II.   CASE HISTORY**

The seven named plaintiffs in this case initially sought to join the plaintiff's class

in *Ziegler v. Fred's Discount Store*. Motion, No. 02:06-cv-01153-IPJ (July 19, 2007). The deadline for joining the plaintiff's class had already passed, and their motion to be included as opt-in plaintiffs was denied. Order, No. 02:06-cv-01153 (July 31, 2007). They subsequently initiated this action to redress the same violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), alleged in *Zeigler*. (Doc. 20.) Specifically, plaintiffs allege that defendant avoided paying them overtime compensation by paying them a salary and giving them the title of "Assistant Manager" without conferring managerial authority. (Doc. 1, ¶¶ 11-19.)

Defendant has moved for summary judgment against one named plaintiff, Mareon J.E. Gibson, arguing that her claims are time barred by the applicable statute of limitations. (Doc. 20.) Gibson has asked the court to use its equity powers to deny summary judgment. (Doc. 24, p. 24-32.)

### III.   DISCUSSION[2]

Actions brought pursuant to the FLSA must be commenced within two years of the time the cause of action accrues or, in the case of willful violations, within three years. 29 U.S.C. § 255(a). Causes of action for unpaid overtime accrue at the end of each pay period in which the employer fails to pay overtime in violation of the FLSA. *See Knight*

---

[2] As required when determining a Motion for Summary Judgment, the court has construed the facts in the light most favorable to the plaintiff Mareon Gibson, the non-moving party. All disputed facts are resolved in her favor, and all reasonable inferences arising from those facts are drawn in her favor. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990); *Zaben v. Air Products & Chemicals, Inc.*, 129 F.3d 1453, 1455 (11th Cir. 1997).

*v. Columbus, Ga.*, 19 F.3d 579, 581 (11th Cir. 1994). An action is commenced for individual named plaintiffs of a collective action when the complaint is filed, provided that the plaintiff's consent to become a party plaintiff is also filed on that date. 29 U.S.C. § 256(a). For plaintiffs who are not named in the complaint, or for named plaintiffs who do not file a written consent on the same date as the complaint, the action is deemed commenced when their written consent is filed with the court. 29 U.S.C. § 256(b). Thus, "no employee may be a 'party plaintiff' in an FLSA collective action until his written consent is filed in the court where the action is pending." *Albritton v. Cagles, Inc.*, 508 F.3d 1012, 1014 (11th Cir. 2007)(citing 29 U.S.C. § 216(b)).

The Complaint in this case named Mareon J.E. Gibson as a plaintiff. (Doc. 1.) Her Consent to Become a Party Plaintiff was attached to the Complaint. (Doc. 1, p. 16.) It is evident that Gibson signed this consent form for *Ziegler v. Fred's Discount Store*. It bears the case caption for *Ziegler* and reads as follows:

> Comes now _____ pursuant to 29 U.S.C. § 216(b) and files this consent to become a party plaintiff *in the above-lawsuit*.
>
> I hereby specifically authorize the named plaintiffs, along with counsel of record for the named plaintiffs, as my agent to prosecute this lawsuit on my behalf, to make any and all decisions with respect to the conduct of this litigation, and to negotiate and/or settle any and all compensation claim(s) I have against Fred's, defendant in this lawsuit.

(Doc. 1, p. 16 (emphasis added).) It was stamped Received by the clerk's office on February 14, 2007, a week after the opt-in period for *Ziegler* ended and some six months before this case was initiated. (Doc. 1, p. 16.) Identical consent forms for the other

4

named plaintiffs were attached to the Complaint.  (Doc. 1, p. 12-18.)

These consent forms are insufficient to satisfy the requirement of 29 U.S.C. § 216(b) that an employee file a written consent to become a party to this action.  *See Albritton*, 508 F.3d at 1018-1019 (finding consent forms filed in previous case did not carry over to later case involving same claims and defendants).  The form's language states that the signatory consents to become a party in the "above-lawsuit," *Ziegler*, and the court must interpret that narrow language as written.  *See id*. at 1018 ("we must interpret consent forms according to the plain meaning of their language").

Plaintiffs evidently became aware of the defect in their consents when defendant filed its Motion for Summary Judgment on April 9, 2008, almost eight full months after the case was initiated.  (Doc. 24, p. 25.)  Four of the plaintiffs, including Mareon Gibson, filed new Consents to Become Party Plaintiffs on April 18, 2008.  (Doc. 23.)  Unfortunately for Gibson, her second consent form did not commence her FLSA claim by February 25, 2008, the end of the statutory period for such.[3]  (Doc. 24, p. 24.)  Gibson thus has only her original consent form to rely on, and it does not conform with 29 U.S.C. § 216(b)'s requirement that she consent to become a party plaintiff in this lawsuit.

The court declines to grant Gibson's request that it apply the doctrine of laches to bar defendant's Motion for Summary Judgment.  The doctrine is inapplicable in these

---

[3] Gibson was an Assistant Manager in one of defendant's stores until February 25, 2005.  (Doc. 11, ¶ 8.)  Assuming, in Gibson's favor, that defendant's alleged violations were willful, she had three years from February 25, 2005, to commence her action.  *See* 29 U.S.C. § 255(a).

circumstances.  *See EEOC v. Dresser Indus., Inc.*, 668 F.2d 1199, 1201 (11th Cir. 1982) ("Laches is an equitable doctrine designed to prevent unfairness *to a defendant due to a plaintiff's delay in filing suit* in the absence of an appropriate statute of limitations.") (emphasis added); *see also Bernard v. Gulf Oil Co.*, 596 F.2d 1249, 1256 ("To apply laches in a particular case, the court must find both that the *plaintiff delayed inexcusably in bringing the suit* and that this delay unduly prejudiced defendants.")(emphasis added).  The court also declines to apply the doctrines of equitable estoppel and equitable tolling, both of which require a showing that plaintiff was reasonably induced into delaying his or her claim.  *See Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1323 (11th Cir. 1989)(successfully invoking equitable estoppel requires a showing that plaintiff delayed suit because of (a) an affirmative statement that the statutory period was longer than it actually was, (b) promises to make a better settlement if no suit were brought, or (c) comparable conduct); *see In re Tyson Foods*, 2008 WL 4613654 (M.D. Ga. 2008)("Eleventh Circuit authority suggests that equitable tolling does not apply unless a plaintiff is reasonably induced to delay the filing of a claim.").  No evidence has been presented that anyone induced plaintiffs' delayed filing of proper notices of consent.

### IV.   CONCLUSION

For the reasons stated above, the court finds that defendant's Motion for Summary Judgment is due to be granted.  An order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this the 27th day of March, 2009.

*/s/ Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE