FILED
2010 Jul-30 PM 03:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JULIA ATCHISON; JOHN WAYNE CLARK; THOMAS FRANZIS; JENNIFER GIBSON; EDDY D. JAMES; and SAM RAHAIM, on behalf of themselves and others that are similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>FRED'S STORES OF TENNESSEE, INC.,<br><br>Defendant. | CASE NO. 2:07-cv-1514-SLB |

## MEMORANDUM OPINION

This case is currently before the court on the parties' Joint Motion for Approval of Settlement Agreement and the Settlement Agreement and Release, (doc. 50),[1] filed under seal. For the reasons set forth below, the court finds that the Joint Motion is due to be granted, and that all claims in the case are due to be dismissed with prejudice.

Plaintiffs Julia Atchison, John Wayne Clark, Thomas Franzis, Jennifer Gibson, Mareon J.E. Gibson, Eddy D. James, and Sam Rahaim alleged in their opt-in collective action complaint that defendants, former employer, Fred's Stores of Tennessee, Inc. ("Fred's), Freds' President, John D. Reier, and Freds' CEO, Michael Hayes, willfully

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

failed to pay plaintiffs and other similarly situated persons appropriate wages and overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. (Doc. 1.)

All claims of Mareon J.E. Gibson were dismissed with prejudice by Order granting Defendants' Motion for Summary Judgment Against Mareon J.E. Gibson, (doc. 19), and all claims against defendants Michael J. Hayes and John D. Reier were dismissed by Order granting their respective Motions to Dismiss for Lack of Personal Jurisdiction, (docs. 6 & 8).

On November 24, 2009, the court entered an Order approving Notice of this pending lawsuit to all persons who became Assistant Managers of Fred's on or after October 31, 2006. (Doc. 42.) In their Motion for Expedited Hearing on their Joint Motion for Approval of Settlement Agreement, the parties stated that they successfully mediated the case and Notice was mailed to the potential class on or about November 24, 2009. (Doc. 45 at ¶ 1.) One-hundred and twenty-six individuals opted into the case. (*Id.*)

The parties stated in their Joint Motion for Leave to File Certain Settlement Documents Under Seal, (doc. 46), that they have reached a confidential settlement of all claims in this action and that they have prepared a Joint Motion for Approval of Settlement Agreement and the Settlement Agreement and Release. (*Id.* at ¶¶ 2-3.) On July 21, 2010, the court heard oral argument on the motion to seal, (doc. 46), and the present Motion. On July 26, 2010, the court granted the parties' motion to file under seal;

however, as it expressed at that hearing, the court here reiterates its reluctance in light of persuasive authority disfavoring the sealing of settlement documents in FLSA actions. *See Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003) (unsealing settlement agreement and stating that "[t]he presumption [of openness] is surely most strong when the "right" at issue is of a "private-public" character, as the Supreme Court has described employee rights under the FLSA") (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 708 (1945)); *Dees v. Hydradry, Inc.*, No. 8:09-CV-1405-T-23TBM, 2010 WL 1539813, *11 (M.D. Fla. April 19, 2010) ("Sealing an FLSA settlement agreement between an employer and employee . . . thwarts Congress's intent both to advance employee' awareness of their FLAS rights and to ensure pervasive implementation of the FLSA in the workplace."); *Hanson v. Wells Fargo Bank, N.A.*, No. 08-80182-Civ., 2009 WL 1490582, *1 (S.D. Fla. May 26, 2009) (stating that "[t]he terms of a settlement in private FLSA actions are generally a matter of public record," and requiring that the settlement agreement remain unsealed). Therefore, the parties should not take the court's actions here as an indication of the court's position in future FLSA actions with respect to a request to file a settlement agreement under seal.

  Because of the inequalities in bargaining power between employers and employees, settlements of claims for back pay brought by an employee pursuant to the FLSA are permissible in only two contexts: 1) with payments supervised by the Department of Labor, or 2) with "a stipulated judgment entered by a court which has

3

determined that a settlement proposed by an employer and employee[ ], in a suit brought by the employee[ ] under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] . . . the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1263 (M.D. Ala. 2003) (quoting *Lynn's Food Stores*, 679 F.2d at 1354) (concluding that the settlement before the court was a fair and reasonable resolution of bona fide disputes over FLSA provisions).

      The parties assert that the defendant has denied and continues to deny any failure to compensate the plaintiffs for unpaid wages and overtime, claims arising under 29 U.S.C. §§ 210-219. (Doc. 50, Motion for Approval at ¶ 10.) Based on the court's review of the record as well as the Settlement Agreement, and the arguments of counsel, the court finds that the proposed settlement is a fair and reasonable resolution of the parties' bona fide dispute. The court is also satisfied that the payment of attorney's fees and costs has not compromised the award to plaintiffs. *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009) ("[T]he FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and the no conflict of interest taints the amount the wronged employee recovers in a settlement agreement.").

An Order granting the parties' Joint Motion for Approval of Settlement Agreement, (doc. 50) and dismissing all claims with prejudice, will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 30th day of July, 2010.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE